■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLINA CLEMENTI, Appellant. [918 NYS2d 491]—

The court properly exercised its discretion in denying defendant's challenge for cause to a prospective juror with expertise in computer forensics, a field that was the subject of conflicting expert testimony at trial. The panelist unequivocally assured the court that, in reaching a verdict, he would "absolutely" not

be influenced in any way by his own knowledge, and would not convey that knowledge during deliberations. Accordingly, his responses did not call into question his ability to follow the court's instructions (*see People v Arnold*, 96 NY2d 358, 362 [2001]). Defendant argues that the panelist was an inherently unsuitable juror for a case involving his own particular area of expertise. However, the panelist expressed no difficulty in excluding that expertise from his own determination of the facts and from his discussions with other jurors. The court, which had the opportunity to see and hear the panelist, credited those assurances.

The court properly modified its pretrial ruling to permit introduction of an uncharged crime or bad act. A flyer posted in the victim's apartment building was probative of defendant's continued scheme to harass her ex-boyfriend's family members. The relevance and probative value of the flyer became apparent during the trial after defense counsel opened the door during cross-examination (*see People v Massie*, 2 NY3d 179 [2004]). In any event, any error in receipt of this evidence was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.